UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Petitioner,

v.

                       Civil No: 08-CV-13456-DT
                       Honorable Patrick J. Duggan

MILLICENT WARREN,

    Respondent.
_____/

**OPINION & ORDER (1) DENYING AS MOOT PETITIONER'S MOTION TO COMPEL PRODUCTION OF SPECIFIC HABEAS RULE 5 RECORDS (1) DENYING PETITIONER'S MOTION TO REALIGN PARTIES**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on February 24, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT

On August 11, 2008, Petitioner Godfrey Cadogan filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner is challenging his convictions for third-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520d and assault and battery in violation of MICH. COMP. LAWS § 750.81. Currently pending before the Court are Petitioner's "Motion to Compel Production of Specific Habeas Rule 5 Records for Service Upon Petitioner and the Court" and "Motion to Realign Parties Due to Magistrate's Ultra Vires *Sua Sponte* Order Amending Caption." For the reasons below,

the Court denies both motions.

## Motion to Compel

In this motion, Petitioner requests that the Court order Respondent to produce the following documents from his trial and state appellate court record: (1) Petitioner's motion to remand filed in the Michigan Court of Appeals and the dispositive order denying his request; (2) Petitioner's *Batson*[1] motion, the brief filed in support of his motion, and the order denying relief; (3) Petitioner's applications for leave to appeal and the responsive briefs filed in the Michigan Court of Appeals and the Michigan Supreme Court; and (4) Petitioner's motions for rehearing filed in the state appellate courts.

On August 21, 2008, Magistrate Judge R. Steven Whalen entered an order directing Respondent to file a responsive pleading to Petitioner's habeas petition. (Doc. 3.) In this order, Magistrate Judge Whalen orders Respondent to also "file with the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders as required by Rule 5" of the Rules Governing Section 2254 Cases. (*Id.*) Respondent is required to file these materials by February 23, 2009. (*Id.*) In light of Magistrate Judge Whalen's order, Petitioner's motion to compel is moot.[2] However, if the documents requested by Petitioner are not included in the Rule 5 materials that Respondent produces, and the Court finds that it

---

[1] *Batson v. Kentucky,* 476 U.S. 79, 106 S. Ct. 1712 (1986)

[2] The Court also notes that Petitioner has attached to his habeas petition several of the documents that he now requests.

needs to review the subject documents to decide Petitioner's application for habeas relief, the Court will reconsider its decision.

## Motion to Realign Parties

When Petitioner filed his habeas petition, he named the State of Michigan, the Michigan Court of Appeals, the Washtenaw County Circuit Court, and Millicent Warren as respondents. On August 21, 2008, in conformance with Rule 2 of the Rules Governing Section 2254 Cases, Magistrate Judge Whalen entered an order *sua sponte* amending the caption of the petition to name only Millicent Warren as a respondent.[3] Petitioner now argues that the court exceeded its authority in *sua sponte* amending the caption of his habeas petition. Petitioner also asserts that the court's amendment somehow adversely impacts the integrity of these proceedings. The Court disagrees.

The proper respondent in a habeas petition filed pursuant to 28 U.S.C. to §2254 is the state officer having custody of the Petitioner. Rule 2 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (providing that a writ of habeas corpus, when issued, "shall be directed to the person having custody of the person detained"). Millicent Warren, the warden at the facility where Petitioner is incarcerated, is Petitioner's custodian and therefore is the only proper party respondent. *See Parlak v. Baker*, 374 F. Supp. 2d 551, 556 (E.D. Mich. 2005) (citing *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003)). Magistrate Judge Whalen's *sua sponte* amendment of the petition's caption

---

[3] Rule 2, provides in relevant part: "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

therefore was appropriate and the Court denies Petitioner's motion to realign the parties.

Accordingly,

**IT IS ORDERED**, that Petitioner's "Motion to Compel Production of Specific Habeas Rule 5 Records for Service Upon Petitioner and the Court" is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Petitioner's "Motion to Realign Parties Due to Magistrate's Ultra Vires *Sua Sponte* Order Amending Caption" is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Godfrey Cadogan, #244652
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI   48446

Debra M. Gagliardi, Esq.