UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

        Petitioner,

v.                                Case No. 08-CV-13456-DT
                                Honorable Patrick J. Duggan

MILLICENT WARREN,

        Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION
TO TRANSFER PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED
STATES SIXTH CIRCUIT COURT OF APPEALS AND DIRECTING
RESPONDENT TO FILE RULE 5 MATERIALS AND A RESPONSE TO THE
HABEAS PETITION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on July 15, 2009.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT

On August 11, 2008, Petitioner Godfrey Cadogan filed a *pro se* petition for

a writ of habeas corpus pursuant to 28 U.S.C. §2254, alleging that he is

incarcerated in violation of his constitutional rights. Petitioner is challenging his

1995 convictions for third-degree criminal sexual conduct in violation of Mich.

Comp. Laws § 750.520d and assault and battery in violation of Mich Comp. Laws

§ 750.81.  Currently pending before the Court is Respondent's motion to transfer

the petition to the Sixth Circuit Court of Appeals as a "second or successive

petition" under 28 U.S.C. § 2244(b).  For the reasons set forth below, the Court
denies Respondent's motion and orders that it answer the petition and file the required
Rule 5 materials.

On December 23, 1999, Petitioner filed a habeas corpus petition
challenging his 1995 conviction in this District which was assigned to the
Honorable Bernard A. Friedman.  *Cadogan v. Libolt*, Civil Action No. 99-76115.
Judge Friedman dismissed Petitioner's habeas petition without prejudice on
October 18, 2000, based on Petitioner's failure to exhaust his state court
remedies. Petitioner thereafter filed various appeals with respect to his case.

Based on this earlier petition, Respondent argues that Petitioner's current
filing constitutes a second or successive petition and therefore Petitioner was
required to seek an order from the Sixth Circuit Court of Appeals before filing his
petition in this Court.  *See* 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939,
940 (6th Cir. 1998).  Absent authorization from the appellate court to consider
Petitioner's application, Respondent argues that this Court must transfer the
petition to the court of appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
provides that a federal district court may not entertain a second or successive
petition for writ of habeas corpus absent an order from the court of appeals
authorizing the consideration of the application.  28 U.S.C. § 2244(b).  Where the
petitioner's previous petition(s) was dismissed without prejudice on exhaustion

2

grounds, however, the petitioner can return to the district court without fear that the second federal habeas petition will be construed as a successive one. *Carlson v. Pitcher,* 137 F.3d 416, 419 (6th Cir. 1998).  If the district court dismisses a case solely for exhaustion purposes, no federal court has rendered a decision on its merits.  *Id.  C*onsequently, in *Carlson*, the Sixth Circuit adopted the holdings of other Circuit courts that the second petition is not a successive one, but rather "[i]t is one challenge with multiple stages . . .  " *Id.* (quoting *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)).

As Petitioner's previously filed petition was denied without prejudice on exhaustion grounds, his pending application for habeas relief is not a "successive" petition for purposes of § 2244(b).  Thus this Court has jurisdiction to adjudicate his petition without authorization from the Sixth Circuit.  The Court need not transfer the petition to the appellate court.

Accordingly,

**IT IS ORDERED**, that Respondent's motion to transfer is **DENIED**;

**IT IS FURTHER ORDERED**, that Respondent shall file the Rule 5 materials with this Court within **thirty (30) days**;

**IT IS FURTHER ORDERED**, that Respondent shall file a response to Petitioner's habeas petition within **sixty (60) days**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT

3

Copies to:

Godfrey Cadogan, #244652
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

Debra Gagliardi, Esq.