UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Petitioner,

v.

MILLICENT WARREN,

    Respondent.

_____/

Civil No: 08-CV-13456-DT
Honorable Patrick J. Duggan

## **OPINION & ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on November 19, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT

On August 11, 2008, Petitioner Godfrey Cadogan filed a *pro se* petition for a writ of habeas corpus, alleging that he is incarcerated in violation of his constitutional rights. Petitioner is challenging his convictions for third-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520d and assault and battery in violation of Michigan Comp. Laws § 750.81. Respondent filed an answer to the petition on September 15, 2009, contending *inter alia* that it is subject to dismissal because Petitioner has failed to exhaust some of the claims alleged in support of his request for habeas relief.[1] For the reasons that follow, this Court agrees and dismisses the petition without

---

[1] Petitioner filed a motion on August 20, 2009 (Doc. 19), seeking to shorten the deadline for when Respondent's answer was due (which was set forth in an opinion and order entered by

prejudice.

## Procedural Background

On June 19, 1995, Petitioner was convicted of the above-identified offenses following a jury trial in the Circuit Court for Washtenaw County, Michigan. On July 27, 1995, the trial court sentenced Petitioner to a term of imprisonment of one and one-half to fifteen years for the third-degree criminal sexual conduct conviction and a concurrent term of imprisonment of ninety days for the assault and battery conviction.

Petitioner, through counsel, filed a direct appeal in the Michigan Court of Appeals, raising numerous claims. Thereafter, Petitioner attempted to file a *pro se* brief in the Michigan Court of Appeals; however, the appellate court rejected the filing. The court subsequently accepted Petitioner's *pro se* brief as the appellate brief in the case when Petitioner's counsel withdrew. The Michigan Court of Appeals affirmed Petitioner's conviction on March 3, 1998. *People v. Cadogan*, No. 188716, 1998 WL 1992887 (Mich. Ct. App. Mar. 3, 1998) (unpublished opinion). Petitioner sought leave to appeal to the Michigan Supreme Court, which the Court denied on May 25, 1999. *People v. Cadogan*, 459 Mich. 991, 595 N.W.2d 848 (1999). The Court also denied Petitioner's subsequently filed motion for reconsideration on August 31, 1999. *People v. Cadogan*, 459 Mich. 991, 602 N.W.2d 387 (1999).

On December 23, 1999, Petitioner filed his first of four applications for a writ of

---

this Court on July 15, 2009). At this time, Petitioner's motion is moot and is denied as such.

habeas corpus in the federal courts challenging his 1995 convictions. *Cadogan v. Libolt*, Case No. 99-76115 (E.D. Mich.) Petitioner presented four claims, each with at least five subparts, in support of his petition. On October 18, 2000, the Honorable Bernard A, Friedman dismissed Petitioner's application for habeas relief, finding that he had failed to exhaust many of his claims in the state courts and that he still had an available post-conviction remedy through the Michigan Court Rules. *Cadogan v. Libolt*, No. 99-76115 (E.D. Mich. Oct. 18, 2000) (unpublished opinion). The Sixth Circuit Court of Appeals denied Petitioner's various attempts to appeal the matter. *See Cadogan v. Libolt*, No. 00-2427 (6th Cir. July 31, 2001), *reconsideration denied*, Dec. 5, 2001; *Cadogan v. Libolt*, No. 01-1162 (6th Cir. June 25, 2001); *Cadogan v. Libolt*, No. 01-1334 (6th Cir. Aug. 22, 2001).

Petitioner next filed an application for habeas relief in the District Court for the Western District of Michigan. The petition was dismissed when Petitioner failed to comply with a court order requiring him to file a supplemental pleading specifying the conviction(s) he was challenging, the date(s) of the conviction, and the date(s) of any appeals. *Cadogan v. Sherman*, No. 01-00223 (W.D. Mich. May 20, 2002).

On May 10, 2004, Petitioner filed a third application for habeas relief in this district. *Cadogan v. Renico*, No. 04-71761. Petitioner raised the following grounds in support of his request for relief:

      I.      Prosecutorial jury tampering in perpetration of fraud on the court which invokes the contemporaneous objection exception rule and exception to exhaustion of

>    state court remedies.
>
> II.    Petitioner has a statutory and constitutional right to be personally present at individual *voir dire* of prospective jurors on issues pertaining to their ability to render fair and impartial judgment.
>
> III.   Petitioner was not guilty beyond a reasonable doubt.
>
> IV.    Petitioner's constitutional rights to equal protection, fair and impartial trial, and effective assistance of counsel were violated in the trial court when trial counsel failed to attempt to strike biased jurors or object to state actor's discriminatory exercise of peremptory challenges to jurors from cognizable groups.

The Honorable George Caram Steeh summarily dismissed the petition on May 11, 2005, finding that Petitioner had not exhausted any of his claims in the state courts. *Cadogan v. Renico*, No. 04-71761 (E.D. Mich. May 11, 2005).

In his opinion and order, Judge Steeh noted that Judge Friedman already had found Petitioner's first and fourth claims unexhausted and that Petitioner never returned to the state courts to initiate post-conviction review following Judge Friedman's decision. *Id.* at 3, 5. Judge Steeh concluded that Petitioner's contention that he had exhausted those claims was barred by the law-of-the case doctrine. *Id.* at 5 (citing *Diguglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004)). With respect to Petitioner's second and third claims, Judge Steeh found that they were never raised as independent substantive claims in the state courts by Petitioner. *Id.* at 6.

Petitioner filed several motions challenging the summary dismissal, which Judge

Steeh denied. Petitioner's numerous attempts to appeal to the Sixth Circuit also were unsuccessful. Petitioner subsequently filed a writ of mandamus and a petition for a writ of certiorari in the United States Supreme Court, which the Court denied on October 9 and 20, 2008, respectively. *Cadogan v. Renico*, Nos. 08-2085, 08-5922.

In the meantime, on August 11, 2008, Petitioner filed the present petition for a writ of habeas corpus. Petitioner now asserts the following claims in support of his request for relief:

> I. Trial counsel rendered constitutionally ineffective assistance of counsel when he:
>
> > A. Failed to attempt to remove overtly and subliminally biased jurors from the seated panel;
> >
> > B. Failed to make a motion to challenge the [jury] array; and
> >
> > C. Failed to make a *Batson* motion to challenge state actor[']s strikes against black prospective jurors while similarly situated white jurors remained seated on the verdict rendering panel.
>
> II. Trial prosecutrix misconduct denied defendant a fair and impartial jury trial under federal and state constitutions for the reason below:
>
> > A. Ex-parte tampering with the jury list by hand packing members of the venirepanel [sic] and the seated petite jury in order to nullify defense counsel's peremptory challenges, circumvent *Batson* challenges by surreptitious exercise of peremptory challenges before trial proceedings even began in order to gain advantage at trial, and obstructed the due administration of justice

by manipulation and conspiracy.

As indicated earlier, Respondent filed an answer to the petition on September 15, 2009. Respondent indicates in the answer, and the Michigan Department of Corrections' internet website confirms, that Petitioner was discharged from custody on August 25, 2009.

## Applicable Law and Analysis

Petitioner's application for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to the AEDPA, "[a] federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). This means that an applicant must have "fairly presented" the issues asserted in his petition to the state court of appeals and the state supreme court. *Id.* "[A] federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *Id.* (citing 28 U.S.C. § 2254(b)(1)(B)). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). "[A]s a general matter, a federal court may not grant a writ even on a 'mixed' petition, 'one containing claims that the petitioner has pressed before the state courts and claims that he has not.'" *Id.* at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

Judge Friedman and Judge Steeh previously found that Petitioner failed to exhaust his claim that trial counsel was ineffective for failing to make a motion pursuant to *Batson*

6

*v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986). Judge Steeh also found that Petitioner had not exhausted his claim of prosecutorial misconduct based on jury tampering. The Sixth Circuit declined to upset those rulings. This Court sees no reason to revisit those rulings, as Petitioner has not since returned to the state courts to exhaust those claims and there appears to be a state procedure that Petitioner still can pursue to obtain relief. Specifically, Petitioner has not yet filed a motion for relief from judgment of conviction pursuant to Michigan Court Rule 6.502.

Having concluded that Petitioner's current application for habeas relief continues to assert unexhausted claims, the Court concludes that it must be dismissed. The Court also concludes that a certificate of appealability should not issue. When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court does not believe that reasonable jurists would find it debatable as to whether Petitioner has exhausted his state court remedies.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to modify this Court's July 15, 2009 opinion and order (Doc. 19) is **DENIED AS MOOT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Godfrey Cadogan, #244652[2]
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

Debra M. Gagliardi, Esq.

---

[2]Although the Court is aware, as noted earlier, that Petitioner has been discharged from the custody of the Michigan Department of Corrections, Petitioner has not filed a change of address with the Court and the Michigan Department of Corrections' inmate offender tracking system does not identify a location for Petitioner or the location of a parole supervisor.