UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

       Petitioner,

                                    Civil No: 08-CV-13456-DT

v.                               Honorable Patrick J. Duggan

MILLICENT WARREN,

       Respondent.
_____/

## OPINION & ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on January 13, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT

On August 11, 2008, Petitioner Godfrey Cadogan filed a *pro se* petition for a writ of habeas corpus, alleging that he is incarcerated in violation of his constitutional rights. Petitioner is challenging his convictions in 1995 for third-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520d and assault and battery in violation of Michigan Comp. Laws § 750.81. Respondent filed an answer to the petition on September 15, 2009, contending *inter alia* that it is subject to dismissal because Petitioner has failed to exhaust some of the claims alleged in support of his request for habeas relief. Agreeing with Respondent, this Court entered an opinion and order dismissing the petition without prejudice on November 19, 2009. Presently before the Court is Petitioner's "Consolidated":

    1.    Motion to Amend Habeas Petition to Proceed Only with Exhausted Claim (and Sub-Claims) of Ineffective Assistance of Counsel During Voir Dire, Conceded by Respondent(s) Under 28 U.S.C. § 2254(b)(3)

    2.    Motion to Take Judicial Notice that the Court (i) Failed to Decide Any of Mr. Cadogan's Unrebutted Affirmative Defenses for Exhaustion Argued in §V of his Habeas Petition, and (ii) that Neither This Court Nor Any Prior Habeas Court Reviewed Mr. Cadogan's Michigan Supreme Court Case No. 110003 Interlocutory Application and the State Prosecutor's Response Briefs Confessing <u>Batson</u> First Step Error (see Doc ## 13(<u>8</u>), 16-17, 20-21).

Petitioner's consolidated motions were filed on November 30, 2009.

The Court construes Petitioner's second "motion" as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1. Rule 7.1 provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). In light of Judge Friedman's and Judge Steeh's prior decisions finding that Petitioner has not yet exhausted some of the claims raised in his petition and the fact that he has not since returned to the state courts, this Court finds no palpable defect in its November 19, 2009 decision.

In any event, however, Petitioner seeks in his second "motion" to amend his petition in order to proceed only with the claims that Respondent has conceded are exhausted. Petitioner is free to amend his petition to delete the unexhausted claims and

proceed on his exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204 (1982). Therefore, the Court vacates its previous dismissal of the case and grants Petitioner's request to allow Petitioner to file an amended petition asserting only his exhausted claims. Petitioner shall file an amended petition within twenty-one (21) days of this Opinion and Order.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Godfrey Cadogan, #244652[1]
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

Debra M. Gagliardi, Esq.

---

[1] Although the Court is aware that Petitioner has been discharged from the custody of the Michigan Department of Corrections, Petitioner has not filed a change of address with the Court and the Michigan Department of Corrections' inmate offender tracking system does not identify a location for Petitioner or the location of a parole supervisor. The Court advises Petitioner that Eastern District of Michigan Local Rule 11.2 requires attorneys and pro se parties to promptly provide the Court with changes in their contact information.