UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

       Petitioner,

                                                    Civil No: 08-CV-13456-DT
v.                                            Honorable Patrick J. Duggan

MILLICENT WARREN,

       Respondent.
_____/

**OPINION & ORDER DENYING PETITIONER'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

On August 11, 2008, Petitioner Godfrey Cadogan filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in 1995 for third-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520d and assault and battery in violation of Michigan Comp. Laws § 750.81. After this Court dismissed Petitioner's initial application because it asserted exhausted and non-exhausted grounds for relief, Petitioner moved to amend the petition to assert exhausted claims only. This Court granted Petitioner's motion and he filed an amended petition on February 10, 201. After Respondent filed an answer, this Court referred the matter to Magistrate Judge Paul Komives for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge Komives filed his R&R on September 8, 2011, recommending that this Court deny the petition. Rejecting Petitioner's subsequently filed objections to the R&R, this Court entered an opinion and order denying Petitioner's application for habeas corpus relief on October 25, 2011. On the same date, the Court entered a

judgment dismissing the action.  Presently before the Court is Petitioner's Rule 59(e) motion to alter or amend the judgment, filed November 7, 2011.

Motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Petitioner contends that the judgment should be amended based on the Sixth Circuit Court of Appeal's October 24, 2011 decision in *Rice v. White*, 660 F.3d 242.  Petitioner further contends that the judgment should be amended to avoid manifest injustice.

Contrary to Petitioner's assertion, the Sixth Circuit's decision in *Rice* does not impact this Court's finding that he failed to exhaust certain claims asserted in his petition. Section 2254(b)(1)(A) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") continues to prohibit a federal court from granting a writ of habeas corpus if the applicant has not exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A).  Thus Petitioner fails to demonstrate that this Court erred in not specifically addressing his objections to the R&R related to his unexhausted claims.  Petitioner otherwise fails to demonstrate that he is entitled to relief pursuant to Rule 59(e).

Accordingly,

**IT IS ORDERED**, that Petitioner's Rule 59(e) motion to alter or amend judgment is **DENIED**.

Date: December 15, 2011          <u>s/PATRICK J. DUGGAN</u>
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Godfrey Cadogan
Debra M. Gagliardi, Esq.